# IN THE COURT OF APPEALS OF IOWA

No. 24-1194
Filed July 2, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARK ANTHONY ROSS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Page County, Justin R. Wyatt, Judge.

        A criminal defendant appeals his conviction for theft in the third degree. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney General, for appellee.

        Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**BULLER, Judge.**

Mark Ross appeals his conviction for theft in the third degree, challenging sufficiency of the evidence. We affirm, based in part on credibility determinations made by the district court as fact-finder.

**Background Facts and Proceedings.** While walking his "little dog" around dawn in downtown Shenandoah, an eyewitness spotted two men walking quickly down an alley carrying spools of wire. The men took off running as the eyewitness approached, which the eyewitness thought suspicious enough he called 911. Although he was later shown surveillance footage of the men, it was too dark that night for the witness to identify them.

Shenandoah police officers arrived shortly after the 911 call. They spotted Ross closing a dumpster lid at the end of the alley, and he started walking away when he spotted the officers. One officer went to check the dumpster and found a spool of wire. As the officer closed the lid, Curtis Clark pulled into the alley in a truck to pick up Ross, then pulled away before stopping to talk with the officers.

Based in part on reviewing surveillance footage from a nearby business and considering the build and attire of the men on the video and in the alley encounter, officers identified Ross and Clark as the men gathering and carrying the stolen wire down the alley toward the dumpster. Officers also identified Clark as the man stripping the wire from a conduit, while Ross stood nearby. On cross-examination, an officer testified regarding criminal complaints[1] filed against Clark and a third

---

[1] We note the court overruled a hearsay objection based on defense counsel's representation the complaints were "not offered for the truth of the matter asserted," only for Ross to claim at trial and on appeal that they were true.

person who allegedly served as a lookout for the theft. The owner of the wire testified he did not abandon the wire. And the owner of the dumpster said he did not put the wire in the dumpster.

Ross elected a bench trial and was found guilty of the recidivist alternative of theft in the third degree, an aggravated misdemeanor in violation of Iowa Code section 714.1(1) and 714.2(3) (2023). He stipulated to two prior convictions for theft, and the court sentenced him to prison. He appeals.

**Standard of Review.** We review sufficiency claims for correction of errors at law. *State v. Jones*, 967 N.W.2d 336, 339 (Iowa 2021). "In determining whether the [fact-finder]'s verdict is supported by substantial evidence, we view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Id.* (citation omitted).

**Discussion.** Ross challenges sufficiency of the evidence proving he took the wire and intended to permanently deprive another of possession. As for the taking element, the district court credited the officers' testimony that Ross and Clark were the two men seen carrying the wire by the eyewitness and in the surveillance video. This conclusion was buttressed by officers seeing Ross close the dumpster lid where the wire was found just before Clark pulled up in the truck. And as for the intent to permanently deprive, the court reasonably inferred that taking wire from one location and secreting it away in another evidenced intent to permanently deprive. The district court's verdict, based in part on credibility determinations we decline to disturb, was supported by substantial evidence.

**AFFIRMED.**